UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLEVELAND MORRIS,

    Plaintiff,

v.                                Case No: 2:14-cv-518-FtM-29CM

SECTION 794.05, FLORIDA STATUTES, ET AL,

    Defendant.

_____

## ORDER OF DISMISSAL

This matter comes before the Court upon review of the file. Plaintiff Cleveland Morris, proceeding *pro se*, initiated this action as a prisoner in the custody of the Secretary of the Florida Department of Corrections by filing an "Amended Complaint" (Doc. #1, Complaint) and attached exhibits (Doc. #1-1-#1-4, Exhs. A-D). Plaintiff seeks leave to proceed *in forma pauperis*.[1]  See Doc. #2.

**I.**

The sole defendant named in the Amended Complaint is "Section 794.05, Fla. Statutes." Amended Complaint at 1. Plaintiff's

---

[1] On September 5, 2014, the Court entered a Standing Order directing Plaintiff to file his prisoner consent form within thirty days from the date on the Order. See Doc. #3. The Court warned that failure to do so within the time allotted would result in the dismissal of the action without further notice. On September 22, 2014, Plaintiff filed a "prisoner financial certificate." See Doc. #6. This prisoner financial certificate is incomplete and does not contain the prisoner consent form. Id. The Court, nonetheless, finds this action subject to dismissal and will not further direct nor await the filing of the prisoner consent form.

certificate of service, however, lists Stephen Russell, State Attorney for the Twentieth Judicial Circuit. Id. at 14.

The factual allegations contained in the Amended Complaint are far from clear. Under the "statement of claim" portion of the Amended Complaint, Plaintiff writes "[t]his is an Action pursuant to the Divine Law, Constitution and Laws of the [U]nited [S]tates of America, the Law among the parties and State law." Id. at 4. Similar to Plaintiff's previous federal civil actions, it appears he initiates the instant action in attempt to challenge the "information" filed in his state criminal case that arose in the Twentieth Judicial Circuit[2] Plaintiff alleges that State Attorney Stephen Russell filed an "unverified information" on January 8, 2004. Id. at 4. The information alleged a single violation of Florida Statutes § 794.05. Id. at 5. Plaintiff claims this information "is not valid for the prosecution of a felony." Id. Plaintiff further claims that the State court lacks "subject matter jurisdiction." Id. Elsewhere in the Amended Complaint, Plaintiff alludes to a purported unilateral agreement in which Stephen Russell's non-response results in "discharge" of Plaintiff from custody. Id. at 7-9. As relief, Plaintiff seeks *inter alia*

---

[2]Plaintiff has filed other civil actions alleging similar facts, which have all been dismissed. See Case No. 2:13-cv-693-FTM-29UAM (construing "affidavit of non-response to be a petition for writ of habeas corpus); 2:14-cv-116-FtM-38DNF (dismissing § 1983 action against Stephen Russell); and, 2:14-cv-385-FtM-38CM (dismissing § 1983 action against Stephen Russell).

declaratory relief "relative to their [Plaintiff and Stephen Russell's] commercial intercourse"; a declaration that the statute he was convicted of is invalid; and all other relief deemed proper by this Court. Id. at 12.

**II.**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. See also § 1915(e)(2). The standard that applies to dismissals under Fed. R. Civ. P. 12(b)(6) applies to dismissals under § 1915A and § 1915(e)(2)(b)(ii). Alba v. Montford, 517 F.3d

1249, 1252 (11th Cir. 2008); Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). Nonetheless, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. 662, 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III.

**A. Florida Statute § 794.05 is not sui juris**

Plaintiff names "Section 794.05, Florida Statutes" as the sole defendant. See Amended Complaint at 1. Federal Rule of Civil Procedure 17(b) governs the capacity to sue or be sued. The Rule's first two provisions do not expressly identify a "statute" as an entity that can sue or be sued. Fed. R. Civ. P. 17(b)(1)-(2). Its status as a litigant thus depends "on the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). There is no case law supporting the finding that a Florida Statute may be named as a defendant. Accordingly, this action is subject to dismissal for failure to name a sui juris defendant.

**B. Stephen Russell is entitled to prosecutorial immunity**

To the extent the Amended Complaint can be construed as naming Stephen Russell, the State Attorney for the Twentieth Judicial Circuit, as the defendant, the action is also subject to dismissal.

An online web inquiry on the Florida Department of Corrections website and the Twentieth Judicial Circuit Court website reveals the following information. Plaintiff was received into the Florida Department of Corrections on September 20, 2006. www.dc.state.fl.us. On September 11, 2006, Petitioner plead guilty for violating Florida Statute § 794.051, sexual activity with a 16 or 17 year old by a 24 year old, in case number 03001554F, in the Twentieth Judicial Circuit Court located in Charlotte County, Florida. See www.co.charlotte.fl.us. Petitioner's anticipated release date from the Department of Corrections is October 9, 2014.[3] www.dc.state.fl.us.

While "[o]n its face, § 1983 admits no immunities," the Supreme Court has "consistently recognized that substantive doctrines of privilege and immunity may limit the relief available in § 1983 litigation." Tower v. Glover, 467 U.S. 914, 920 (1984). Both qualified and absolute immunity defenses bar certain actions. Id. The Amended Complaint fails to state a claim against Stephen Russell because prosecutors are entitled to absolute immunity from liability for actions undertaken in furtherance of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2001).

---

[3]The Court refers to Plaintiff's "anticipated" release date to take into account that the date is subject to change based on pending gain time award, gain time forfeiture, or review, and any possible detainers. See www.dc.state.fl.us.

In determining whether prosecutorial immunity applies, courts look to "'the nature of the function performed, not the identity of the actor who performed it.'" Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (quoting Forrester v. White, 484 U.S. 219, 229 (1988)). "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." Rivera, 359 F.3d at 1353 (citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). Absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999)(citations omitted). The prosecutor Plaintiff names as a defendant in this action is clearly entitled to absolute prosecutorial immunity based on the allegations in the Amended Complaint. See Smith v. Shorstein, 217 F. App'x 877 (11th Cir. 2007). Further, even if Mr. Russell was not entitled to prosecutorial immunity, the claim alleged in the Amended Complaint, arising from a unilateral agreement initiated by Plaintiff to Mr. Russell by mailing a document purported to be a contract, is entirely implausible.

The Court declines to construe the instant action initiated by the filing of the "Amended Complaint" as a habeas corpus action. The Amended Complaint seeks declaratory relief and does not specifically seek release from custody. See Preiser v. Rodriquez,

411 U.S. 475 (1973) (noting in dicta that a state prisoner seeking only monetary damages "is attacking something other than the fact or length of . . . confinement, and . . . is seeking something other than immediate or more speedy release [,] . . . a damages action by a state prisoner could be brought under [ § 1983] in federal court without any requirement of prior exhaustion of state remedies."); Heck v. Humphrey, 512 U.S. 477 (defining the core of habeas corpus as challenges to the fact, duration, or nature of confinement). Additionally, the Court notes that it previously construed one of Plaintiff's prior actions as a habeas action and provided Plaintiff a pre-printed § 2254 habeas form for his completion.[4]  See Case No. 2:13-cv-693-FTM-29UAM. Plaintiff did not respond to the Court's Order and the case was dismissed, without prejudice, subject to the statute of limitations, on October 21, 2013. Based on the foregoing, the Court dismisses

---

[4] In case number 2:13-cv-693-FTM-29UAM, the Court in the abundance of caution construed Plaintiff's "affidavit of non-response" to be a habeas action. See Doc. #9. In that case, Plaintiff attested that he "mailed a Demand for Certification of Constitutionality" to State Attorney Stephen Russell on July 21, 2013, granting Mr. Russell three days in which to certify the constitutionality of § 794.011. Plaintiff further stated that he told Mr. Russell that his failure to "offer an appropriate pleading" within this time period would result in default and an admission that Petitioner is unlawfully imprisoned. Id. at 1. In response, the Court provided Plaintiff a copy of the standardized form used in habeas actions and directed him to complete the form and return it within a time period if he wished to proceed with the action. See Doc. #3, Doc. #9.

this action, without prejudice, for failure to state a claim pursuant to § 1915.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Amended Complaint is **DISMISSED**, without prejudice, pursuant to § 1915(e)(2)(B)(ii) for the reasons herein.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___30th___ day of September, 2014.

                                                JOHN E. STEELE
                                                UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record